IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD JONES,<br><br>        Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>        Respondent. | Civil Action No.14-1396-RGA |

## **MEMORANDUM OPINION**

Ronald Jones. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

November 18, 2015

ANDREWS, U.S. DISTRICT JUDGE:

Pending before the Court is Petitioner Ronald Jones' ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss, as well as a Motion to Dismiss the Petition. (D.I. 10; D.I. 10-1) Petitioner filed a Reply in Opposition to the Motion to Dismiss. (D.I. 15) For the reasons discussed, the Court concludes that it lacks subject matter jurisdiction over this proceeding. Therefore, the Court will grant the State's Motions and dismiss the Petition.

## I. BACKGROUND

On May 16, 2013, after holding a bench trial, the Delaware Superior Court convicted Petitioner for failing to re-register as a sex offender. *See Jones v. State*, 81 A.3d 1248, 1251 (Del. 2013). He was immediately sentenced to two years of Level V incarceration, suspended for twelve months at Level II probation, suspended after six months for six months at Level I probation. *Id.* On November 13, 2013, the Delaware Supreme Court affirmed Petitioner's conviction on direct appeal. *Id.* at 1253.

Petitioner filed the instant Petition on November 3, 2014, asserting the following eleven claims: (1) trial counsel's failure to challenge the indictment for being defective constituted ineffective assistance, and also violated Petitioner's due process rights; (2) the prosecutor engaged in misconduct by allowing a testifying police officer to remain unsequestered, by misstating the evidence, and by otherwise engaging in discriminatory and vindictive prosecution; (3) Petitioner's due process rights were violated by the both the testimony and out-of-court actions of certain witnesses; (4) trial counsel provided ineffective assistance by failing to request that a testifying police officer be sequestered and by failing to raise certain points on cross-examination; (5) appellate counsel provided ineffective assistance by failing to argue points

requested by Petitioner and by otherwise making improper arguments; (6) the State violated Petitioner's due process and equal protection rights by making arguments that did not comport with Petitioner's trial testimony; (7) Petitioner did not receive notice of how the sex offender registration statute defined the term "residence"; (8) Petitioner offered "consistent testimony" at trial; (9) the trial court violated Petitioner's right to due process, equal protection, and a fair trial; (10) the trial court convicted Petitioner "against the weight of the evidence"; and (11) the Delaware Supreme Court violated Petitioner's due process and equal protection rights. (D.I. 1)

In lieu of an answer, the State filed a Motion for Leave to File a Motion to Dismiss, along with a Motion to Dismiss. (D.I. 10; D.I. 10-1) The State asserts that the Court lacks subject matter jurisdiction to consider the Petition because Petitioner was not "in custody" when he filed the instant Petition, as required by § 2254. (D.I. 10-1 at 5) Petitioner filed a Reply in Opposition to the State's Motion to Dismiss, asserting that the Motion to Dismiss should be denied because: (1) he filed his Petition within AEDPA's one-year limitations period; and (2) he is actually innocent. (D.I. 15 at 10 -15) After filing his Reply in Opposition, Petitioner filed a new AEDPA Election Form indicating that he wishes the Court to review his Petition under 28 U.S.C. §§ 1651 and 2241, as well as under 28 U.S.C. § 2254. (D.I. 16 at 2)

## II.    DISCUSSION

Although Petitioner requests the Court to review the instant Petition pursuant to 28 U.S.C. §1651 ("All Writs Act"), 28 U.S.C. § 2241, and 28 U.S.C. § 2254, the Petition is properly considered under 28 U.S.C. § 2254. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute . . .[w]here a statute specifically addresses the particular issue at hand, it is

2

that authority, and not the All Writs Act, that is controlling."); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)(Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). The threshold question for determining if a court has subject matter jurisdiction over a federal habeas petition filed under § 2254 is whether the petitioner was in custody pursuant to the state court judgment of conviction "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). In other words, "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971).

A habeas petitioner satisfies the "in custody" requirement if he is physically confined or on probation pursuant to the judgment of conviction being challenged when the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004). A habeas petitioner does not satisfy the "in custody" requirement if the sentence associated with the challenged judgment of conviction has fully expired at the time the habeas petition is filed. *See Maleng*, 490 U.S. at 491-92.

Petitioner filed the instant Petition on November 12, 2014.[1] The record in this case reveals that Petitioner's sentence for his failure to re-register as a sex offender completely expired on May 15, 2014, the day on which his probation ended. (D.I. 10-1 at 8) In turn, Petitioner concedes that he does not have any future sentence to serve after completion of the sentence that was imposed for his May 16, 2013 conviction for failing to re-register as a sex

---

[1]The prison mailbox rule is inapplicable to this case because Petitioner was not a prisoner when he filed the instant Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003). Therefore, the filing date is the date on which the Petition was docketed.

3

offender. (D.I. 1 at 21) Consequently, at the time he filed the instant Petition, Petitioner was not "in custody" for the conviction being challenged.

In addition, although Petitioner has an ongoing obligation to register as a sex offender, the circuit courts addressing the issue have concluded that a state's sex offender registration requirement does not satisfy the "in custody" requirement of § 2254 when, as here, the petitioner was not incarcerated or on parole, and his sentence has been completely discharged. *See Coar v. Coronato,* 2015 WL 5334863, at *2 (D.N.J. Sept. 14, 2015) (collecting cases); *Williams v. Dist. Att'y Allegheny Cnty.*, 2010 WL 4388073, at *7-8 (W.D. Pa. Oct. 29, 2010) (collecting cases). Accordingly, the Court will dismiss the instant Petition for lack of subject matter jurisdiction.[2]

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks subject matter over the instant Petition. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

---

[2]Petitioner's contentions that he timely filed the instant Petition and that he is actually innocent do not overcome this Court's lack of subject matter jurisdiction.

4

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the Petition for lack of subject matter jurisdiction. An appropriate Order will be entered.