IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| RONALD JONES, | : | |
|---|---|---|
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 14-1396-RGA |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### I.    INTRODUCTION

Presently pending before the Court is Petitioner Ronald Jones' Motion for

Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(6). (D.I. 25) In the

Rule 60(b)(6) Motion, Petitioner asks the Court to reconsider its November 2015 denial of his

habeas Petition for lack of jurisdiction. For the reasons discussed, the Court will deny the Rule

60(b)(6) Motion.

### II.    BACKGROUND

On May 16, 2013, the Delaware Superior Court convicted Petitioner for failing to re-

register as a sex offender after conducting a bench trial. *See Jones v. State*, 81 A.3d 1248, 1251

(Del. 2013). He was immediately sentenced to two years of Level V incarceration, suspended for

twelve months at Level II probation, suspended after six months for six months at Level I

probation. *Id*. On November 13, 2013, the Delaware Supreme Court affirmed Petitioner's

conviction on direct appeal. *Id*. at 1253. Petitioner's sentence for his failure to re-register as a

sex offender completely expired on May 15, 2014, the day on which his probation ended. (D.I. 10-1 at 8)

In November 2014, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting the following eleven claims: (1) trial counsel's failure to challenge the indictment for being defective constituted ineffective assistance, and also violated Petitioner's due process rights; (2) the prosecutor engaged in misconduct by allowing a testifying police officer to remain unsequestered, by misstating the evidence, and by otherwise engaging in discriminatory and vindictive prosecution; (3) Petitioner's due process rights were violated by the both the testimony and out-of-court actions of certain witnesses; (4) trial counsel provided ineffective assistance by failing to request that a testifying police officer be sequestered and by failing to raise certain points on cross-examination; (5) appellate counsel provided ineffective assistance by failing to argue points requested by Petitioner and by otherwise making improper arguments; (6) the State violated Petitioner's due process and equal protection rights by making arguments that did not comport with Petitioner's trial testimony; (7) Petitioner did not receive notice of how the sex offender registration statute defined the term "residence"; (8) Petitioner offered "consistent testimony" at trial; (9) the trial court violated Petitioner's right to due process, equal protection, and a fair trial; (10) the trial court convicted Petitioner "against the weight of the evidence"; and (11) the Delaware Supreme Court violated Petitioner's due process and equal protection rights. (D.I. 1)

The State filed a Motion to Dismiss for lack of jurisdiction, contending that Petitioner did not satisfy the "in custody" requirement of § 2254 when he filed the Petition. (D.I. 10-1 at 6)

2

Petitioner filed an Answering Brief in Opposition contending, *inter alia*, that his conviction should be reversed because he is actually innocent. (D.I. 15 at 5)

On November 18, 2015, the Court denied the Petition for lack of subject matter jurisdiction, because Petitioner was not "in custody" when he filed the Petition. (D.I. 19; D.I. 20) Petitioner appealed that decision, and the Third Circuit Court of Appeals dismissed his appeal as untimely. (D.I. 24) Thereafter, on May 16, 2015, Petitioner filed the pending Rule 60(b)(6) Motion to Reconsider the denial of his Petition. Petitioner contends that the Court has jurisdiction to review his Petition because he is actually innocent

## III. STANDARD OF REVIEW

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for reconsideration and/or to reopen is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Additionally, when, as here, a district court is presented with a motion to reconsider and/or reopen after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

in those instances in which the factual predicate of a petitioner's Rule 60(b) motion

3

attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

After reviewing the instant Motion, the Court concludes that the Motion is not a "true" Rule 60(b)(6) motion, because it does not attack the manner in which the decision denying Petitioner's Petition was procured. Rather, the Motion constitutes a second or successive habeas petition under § 2244, because it: (1) re-asserts the actual innocence argument presented in Petitioner's original habeas filings (D.I. 15 at 5); and (2) challenges the same sexual offender conviction and sentence challenged in the Petition. In turn, since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending Motion/Petition, the Court will dismiss the instant Motion/Petition for lack of jurisdiction.[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

---

[1]Even if the Court were to treat the instant Motion as a true Rule 60(b)(6) Motion, Petitioner's actual innocence case is unavailing, because Petitioner presented, and the Court rejected, this same argument in his original Petition. Nothing in Petitioner's present allegations concerning his alleged actual innocence persuades the Court that it committed a "mistake" during its review of Petitioner's Petition such that is should reconsider its prior denial of Petitioner's § 2254 Petition.

4

## V.    CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)(6) Motion

because it constitutes an unauthorized second or successive habeas petition. In addition, the

Court will not issue a certificate of appealability, because Petitioner has failed to make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United

States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be

entered.

Dated: January 19, 2017

UNITED STATES DISTRICT JUDGE